GEORGE A. TAYLOR v. JOSEPH C. PECKHAM, Treasurer of the City of Providence.

For injury sustained by a traveller on a highway, from the fall upon him of some object from an adjacent building, as a sign insecurely fastened, a town is not liable under the statute requiring towns to keep highways in "good repair."

MOTION for a new trial, for reason of error in instructions to a jury.

The action was for injury suffered by the plaintiff, from the falling upon him of a large show-board, placed near or upon the sidewalk of a much-travelled highway in the city of Providence. It was contended for the plaintiff, upon the evidence offered, that the board had long been standing on the spot designated, and had often been noticed by passers-by as a dangerous object, but it was not pretended that any complaint, in regard to it, had ever been made to the surveyor of highways, or any other city officer. The immediate cause of the fall of the board was a remarkably heavy gust of wind, which, it was shown, disturbed and displaced various objects in the neighborhood as well as the show-board. The alleged errors in the charge to the jury are set forth, with sufficient fullness, in the opinion of the court. The jury having returned a verdict for the plaintiff, the defendant now moves for a new trial.

*Colwell and B. N. Lapham, for the defendant:*—

I. The bill-board which injured the plaintiff not being within the limits of South Water street, but, in the language of the charge, on "a narrow strip of land thrown out by the owner, to the street, and not distinguished from it," though insecurely fastened, did not constitute a defect or want of repair for which the city would be liable, and the charge of the judge to the contrary was erroneous.

II. Towns are not liable for defects in highways unless indictable. Rev. Stats. ch. 44, §§ 13, 14; Angell on Highways, 278; *Frost* v. *Portland,* 11 Maine, 271; *Bigelow* v. *Weston,* 3 Pick.

267 ; *Snow* v. *Adams*, 1 Cush. 443 ; *Howard* v. *N. Bridgewater*, 16 Pick. 189. The bill-board was private property on private property, and used for private purposes. No indictment would lie. If negligently put up, the person who put it up is responsible.

III. Towns are not required to keep whole limits of highways in repair for travel. *Hull* v. *Richmond*, 2 Woodbury & Minot, 343 ; *Howard* v. *North Attleborough*, 16 Pick. 189 ; *Keith* v. *Easton*, 2 Allen, 252 (also in 24 Law Reporter, 353) ; *Smith* v. *Wendell*, 7 Cush. 498 ; *Vinal* v. *Dorchester*, 7 Gray, 421.

IV. A town is only required to make its highways safe and convenient for travellers in the proper attributes of a way. Rev. Stats. ch. 44, §§ 1, 13, 14. If there is no structure within or above the highway, there is no defect or want of repair. *Hixon* v. *Lowell*, 13 Gray, 59. Towns are not liable to defects and neglects outside of the limits of highways. *Rowell* v. *City of Lowell*, 7 Gray, 100 ; *Kidder* v. *Dunstable*, 7 Ib. 104. Though towns may be required to fence their highways against embankments, excavations, pits and water, they are not bound to fence against smooth, level land. *Sparhawk* v. *Salem*, 1 Allen, 30.

V. If the city could not remove the bill-board nor. fence against it, it is not liable. *Jones* v. *Waltham*, 4 Cush. 299. Surveyors can only go upon adjoining lands for materials for repairs. Rev. Stats. p. 125. The city could not remove the board without committing a trespass, nor fence against it without becoming liable.

VI. The judge should at least have charged that if there was but one cause of injury, and that proceeded from the defendant's neglect, outside of the limits of the highway, the city would not be liable. *Rowell* v. *Lowell*, 7 Gray, 100 ; *Kidder* v. *Dunstable*, 7 Ib. 104 ; *Shephard* v. *Chelsea*, 4 Ib. 113.

*Neville, with whom was Blake, for the plaintiff:*—

I. Towns are liable for injuries resulting from obstructions outside the line of the highway, but so near as to render travelling on the highway dangerous. *Coggswell* v. *Lexington*, 4 Cush. 307 ; *Hogden* v. *Attleborough*, 7 Gray, 338 ; *Palmer et al.* v. *Andover*, 2 Cush. 600 ; *Currier* v. *Lowell*, 16 Pick. 170 ; *Rice* v. *Mont-*

*pelier*, 19 Vt. 470 ; *Cassedy* v. *Storkbridge*, 21 Vt. 391 ; *Tully* v. *Portsmouth*, 35 N. H. 303 ; *Davis* v. *Hill*, 41 N. H. 329 ; *Savage* v. *Bangor*, 40 Maine, 176 ; *Clapp* v. *City of Providence*, 17 Howard, 161 ; *Alger* v. *Lowell*, 3 Allen, 402 ; *Batty* v. *Duxbury*, 24 Vt. 155 ; *Cobb* v. *Standish*, 14 Maine, 198.

II.   Actual notice to the town of the existence of the obstruction is not necessary.   *Drury* v. *Worcester*, 21 Pick, 44 ; *Bardell* v. *Jamaica*, 15 Vt. 438 ; *Mason* v. *Ellsworth*, 32 Maine, 271 ; *How* v. *Plainfield*, 41 N. H. 135 ; *Hall* v. *Manchester*, 40 N. H. 410.

III.   No matter by whom the obstruction may have been placed in position, the town is liable, provided, of course, the plaintiff himself be guilty of no negligence.   *Snow* v. *Adams*, 1 Cush. 443, and the cases cited above ; *Bigelow* v. *Weston*, 3 Pick. 267 ; *Frost* v. *Portland*, 11 Maine, 271 ; *French* v. *Brunswick*, 8 Shep. 29 ; *Davis* v. *Bangor*, 42 Maine, 522.

IV.   The question is not whether the obstruction is within the limits of the highway, but whether the usually travelled part of the highway is rendered unsafe and inconvenient for travel, &c.

BRADLEY, C. J.   The plaintiff, passing along South Water street, in Providence, was injured by a show-board, which, having been placed upon land adjacent to the highway, had been blown down by a high wind and fell upon him.   He recovered a verdict for $5,500 against the city, and a motion for a new trial is now made, founded upon alleged errors in the rulings of the judge trying the case ; in substance, that he declined to instruct the jury that the city would not be liable for such accidents,— First.  Because the show-board was placed by a third party outside of the street ; and, Second.  Because the injury was caused by the concurrent acts of such party and of the city, if at all from the fault of the city.

It may not be easy to classify all the decisions upon the liability of towns for injuries received by travellers on the highway ; but we are of opinion that those which are most analogous to the case at bar do not sustain the plaintiff.   Those which he has cited, where the town was held liable when a traveller went off from the highway against a post, or into an adjacent cellar,

or into a pond off a steep declivity, may perhaps be all sustained upon the principle that it is the duty of the town to protect, by railings, the side of the highway, so that a traveller using proper care need not fall upon dangers immediately adjacent. The court in which most of these cases have been decided has since held, that when snow falls from an adjoining roof upon and to the injury of a traveller on the highway, the town is not liable to pay for such injury. *Hixon* v. *City of Lowell*, 13 Gray, 59. The same court has also held, that when a person slips and falls upon the steps of a building contiguous to the highway and upon the sidewalk, the sidewalk and the steps both being out of repair, still, as the accident happened from the concurrent fault of the town and a third party, the town is not liable. *Rowell* v. *City of Lowell*, 7 Gray, 100. We think these cases furnish the nearest analogies to the case at bar.

This liability is one created by statute and cannot be enlarged by courts beyond the scope and intention of the statute; and when a town keeps a highway in order, the liability for accidents in consequence of a sign being insufficiently fastened against an adjacent building was not intended by the statute, we think, to be imposed upon the town. It is one of the large class of accidents to which a traveller upon a public thoroughfare is subjected, though the town may have done its whole duty, under the statute, in regard to the highway. The liability for such accidents would carry with it an equally extensive authority. The towns must necessarily have a corresponding right to control the uses of property adjoining the highway, so as to protect themselves from the liabilities for such use. Our statute permits the surveyor of highways to go outside of the highway for certain specified purposes; and those purposes do not include any protection of the traveller upon the highway, from accidents like this, arising from the use of lands or buildings not within the highway. This right, if it exists, must have some other origin than a statute which imposes a liability for the care of highways; and even the right to protect the sides of the highway by a rail or otherwise, from contiguous dangers, like an open cellar or a steep and dangerous declivity, does not include the right or the duty

to fence off the side of the way, when no such immediate and adjacent danger exists.   *Sparhawk* v. *Salem*, 1 Allen, 30.

Entertaining these views of the law upon this subject, a majority of the court think a new trial should be granted, as the instructions to the jury were not in conformity with them.